UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-23823-CIV-DPG

ELIZABETH MCQUILLAN,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant NCL (Bahamas) Ltd.'s Motion for Summary Judgment [ECF No. 31]. Plaintiff brought this suit after injuring herself when she fell on Defendant's ship because of a change in floor level. Defendant contends that it is entitled to summary judgment because the change in floor level was an open and obvious condition and because it had no notice that the change in floor level created an unreasonably dangerous condition. Under the circumstances in this case, there is a genuine issue of material fact as to whether the change in floor level was open and obvious. Further, given that Defendant created the circumstances that may have obscured the change in floor level, notice is not required to hold Defendant liable. Consequently, summary judgment is denied.

**I.    Undisputed Material Facts**

Plaintiff was a passenger onboard Defendant's ship, the *Norwegian Jewel*, on October 27, 2013. After being onboard for a few hours, Plaintiff and her companion left their cabin to get something to eat. Just down the hall from their cabin, Plaintiff saw luggage gathered in an

alcove off of the main hallway and decided to look for her luggage in order to retrieve an item.[1] While Plaintiff did not actually see her luggage in the pile, she thought it might be there and entered the alcove to look for it. While walking around looking for her luggage, Plaintiff fell off a step, or drop-down, and injured her shoulder. As a result, Plaintiff brought this action alleging that Defendant was negligent by creating a dangerous condition and failing to warn Plaintiff of the condition; failing to maintain a reasonably safe place for Plaintiff; and failing to take corrective measures after being alerted to the dangerous condition.

The area where Plaintiff fell was an alcove off of a passenger hallway. The flooring in the alcove was different than the flooring in the hallway. The flooring in the alcove was concrete. The floor in the alcove was blue and had a thin white stripe running from the hallway to the wall of the ship. The drop-off is a single, long step that is seven inches high. The floor on the lower level of the drop-off is painted white - like the long stripe. Plaintiff testified that she saw the difference in the floor colors but thought the white was a stripe not an indicator of a change in floor level. Pl. Dep. 23:22-24:1; 76:10-15. According to Plaintiff, there were no issues of lighting in the area, *id.* at 21:12-18, and the area was not in disrepair, *id.* at 72:15-20.

There is no record evidence that Defendant designed the alcove or the step-down. Nor is there any evidence regarding who chose the paint colors for the flooring or to paint the thin white stripe on the blue paint. Further, Defendant has no records of any other incidents involving passengers who fell in the area where Plaintiff fell.

Plaintiff has submitted a surveillance video that depicts the area at issue before, during, and after the incident. *See* ECF No. 35. Prior to the incident, the surveillance video shows the

---

[1] Neither party raised the issue of whether the alcove was a public or restricted area of the ship.

area with a curtain obscuring one side of the alcove but not obscuring the area of the alcove where the luggage is closely gathered, such that one could not see through the luggage or walk through the pile of luggage.  After an employee removes some of the luggage, Plaintiff and her companion enter the alcove and look at the luggage.  Plaintiff then walked to the rear of the luggage, and fell.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).  Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)).  The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a

sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**III. Discussion**

The parties do not dispute that federal maritime law is the applicable law. To plead negligence under maritime law, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 13336 (11th Cir. 2012). Under federal maritime law, the duty a shipowner owes passengers is one of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). Reasonable care under the circumstances requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition where the menace is one commonly encountered on land and not clearly linked to nautical adventure. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). A court, however, need not reach the issue of notice of the risk-creating condition, if the condition was open and obvious. *Smith v. Royal Caribbean Cruises, Ltd.*, – Fed. App'x –, 2015 WL 4546202, *3 (11th Cir. 2015).

Defendant asserts that it is entitled to summary judgment because the condition complained of by Plaintiff was open and obvious and, therefore, Defendant had no duty to warn of its existence. Defendant primarily relies on *Schoen v. Gilbert*, 436 So. 2d 75, 76 (Fla. 1983),[2] in which the Florida Supreme Court held that a difference in floor levels does not itself

---

[2] "When neither statutory nor judicially created maritime principles provide an answer to a specific legal question, federal courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." *Smith v. Royal Caribbean Cruises, Ltd.*, 2015 WL 4546202, at *2 (11th Cir. July 29, 2015); *see also Luby v. Carnival Cruise Lines, Ltd.*, 633 F. Supp. 40, 41 n.2 (S.D. Fla. 1986).

constitute an inherently dangerous condition because the condition is open and obvious. However, later decisions found that a step may not be open and obvious where the "character, location or surrounding conditions of the step-down are such that a prudent person would not anticipate it." *Northwest Florida Crippled Children's Association v. Harigel*, 479 So. 2d 831, 832 (Fla. 1st DCA 1985); *see also Kravinek v. Pasternack*, 490 So. 2d 252 (Fla. 1st DCA 1985).

Here, a genuine issue of material fact exists as to whether the character, location, or surrounding conditions of the step were such that a prudent person would not anticipate it. Plaintiff testified that she saw the difference in floor color but that she thought the white at the bottom of the step was a stripe and that she had already noticed and walked on another white stripe on the floor in the alcove. Further, while the luggage did not entirely obscure the step, it obscured a very substantial portion of it. Consequently, a genuine issue of material fact exists as to whether the step was open and obvious under the circumstances encountered by Plaintiff.

Defendant further maintains it is entitled to summary judgment because, even if the step were not open and obvious, Defendant was not on notice that the step created an unreasonable danger, as required by *Keefe*. While there is no evidence in the record that Defendant had knowledge of any prior injury-causing incidents involving this step, notice is not required when a defendant creates the dangerous condition. *See McLean v. Carnival Corp.*, 2013 WL 1024257, *4 (S.D. Fla. March 14, 2013). Here, a genuine issue of material fact exists as to whether Defendant created the dangerous condition. Specifically, Plaintiff asserts the following actions created the dangerous condition: leaving the curtain open, not differentiating the floor color in the alcove from that of the adjacent hallway, having a white stripe on the upper level of the alcove floor, arranging the luggage to conceal the drop-down, and not posting warning signs or

signs prohibiting passengers from entering the area. Thus, a jury must decide whether any or all of these actions created a dangerous condition. Accordingly, it is

ORDERED that Defendant NCL (Bahamas) Ltd.'s Motion for Summary Judgment [ECF No. 31] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of November, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Honorable William C. Turnoff
All Counsel of Record